UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Maurice Arness Vickers, #255498,   ) | C/A No. 4:13-2105-JFA-TER |
| ) | |
| Petitioner,   ) | |
| ) | |
| vs.   ) | REPORT AND |
| ) | RECOMMENDATION |
| Tim Riley,   ) | |
| ) | |
| Respondent.   ) | |
| _____ ) | |

Maurice Arness Vickers (Petitioner), a state prisoner proceeding pro se and *in forma pauperis*, files a petition for writ of habeas under 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned is authorized to review prisoner habeas petitions and submit findings and recommendations to the assigned District Judge. For the reasons that follow, it is recommended that the petition be dismissed for failure to exhaust state court remedies prior to filing for habeas relief in federal court.

**PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti–Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66

L.Ed.2d 163 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

Even under this less stringent standard, however, this Court is charged with screening the Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

## BACKGROUND

Petitioner, a prisoner in the custody of the South Carolina Department of Corrections (SCDC), files a § 2241 habeas petition alleging he is not receiving good conduct time credits that would reduce the length of his imprisonment. The petition reveals Petitioner has not pursued remedies available in state court, although before filing a habeas petition in federal court, Petitioner must exhaust state court remedies. He alleges that he filed a grievance in January 2013, to which he received no response. Upon his inquiry as to the status, he was informed that the time to appeal had lapsed, although he states that he never received a chance to appeal. ECF No. 1 at 6. He also discusses a grievance returned because it had two issues, so he re-filed two separate grievances with one issue each, and his grievance for good conduct time was then returned unprocessed as a duplicate. He also states that his first grievance was rejected because it contained two issues, but

when he separated the issues into two different grievances he didn't receive a response. It's not entirely clear, but it appears Petitioner tried twice to file a grievance on the issue of credit for good conduct time within the inmate grievance system, but went no further than the first step in the grievance procedure both times. ECF No. 1 at 7. The petition does not indicate any attempt to pursue a remedy in state court.

## DISCUSSION

Petitioner is incarcerated and serving a sentence pursuant to a South Carolina court judgment. He files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence by alleging the respondent is not applying good conduct time credits, which will reduce the time he will be imprisoned. The circuit courts of appeal are split on the issue of 28 U.S.C. § 2254 or § 2241 as the proper statute under which a state prisoner must proceed when challenging the implementation of a state sentence. The majority view is that § 2254 is "the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction." *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir.2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir.2010); *but see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir.2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Court of Appeals for the Fourth Circuit noted the split of authority on the issue in *Gregory v. Coleman*, No. 06-6646, 2007 WL 570522 (4th Cir. Feb. 20, 2007), but has not yet taken a stance in a published opinion. It is not necessary for disposition of this case to make a distinction, because Petitioner has not completed the exhaustion that is required before a state prisoner may seek federal habeas relief pursuant to either statute.

Before a state prisoner can seek federal habeas relief, he must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement for a § 2254 petition is established by statute pursuant to 28 U.S.C. § 2244(d), and case law establishes the requirement applicable to a state prisoner petitioning in federal court under § 2241 for habeas relief. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490–91 (1973)(exhaustion of remedies required before petitioning under 28 U.S.C. § 2241). Thus, whether petitioning under § 2241 or § 2254, a state prisoner is required to exhaust state court remedies before filing a federal habeas petition.

Petitioner has not exhausted state court remedies concerning his claim that respondent refuses to apply good conduct credits, for which Petitioner is eligible, that will reduce Petitioner's sentence. South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of the SCDC decision in the Administrative Law Court ("ALC"). *Al– Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742, 750 (S.C. 2000); *see also Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 586 S.E.2d 124, 126 (S.C. 2003). Petitioner must use the inmate grievance system to present his claim that prison officials have deprived him of a liberty interest by not applying good conduct sentence-related credits to reduce his sentence. In *Al–Shabazz*, the South Carolina Supreme Court held that an inmate's claim which does not challenge the underlying validity of a conviction or sentence must proceed through the process set out in the

South Carolina Administrative Procedures Act ("SCAPA"), S.C. Code Ann.§§ 1–23–310 through 1–23–400, rather than in a post-conviction relief action brought in state circuit court. *Al– Shabazz*, 338 S.C. at 369, 527 S.E.2d at 750. Pursuant to the SCAPA and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C.Code Ann. § 1–23–610; Rule 242, SCACR. Petitioner must first exhaust his state administrative remedies available through the SCDC inmate grievance process, and then he must fully exhaust his state court remedies as provided through the SCAPA.

Petitioner has state court remedies which he has not pursued. The habeas petition claims Petitioner attempted to use the prison grievance system, but was thwarted and did not complete the grievance process because he received no response, and/or was informed his grievance was unprocessed because the time to appeal lapsed or the grievance was a duplicate. The exhaustion of his state remedies begins with the administrative inmate grievance procedure, but must continue with review by the ALC as outlined in *Al–Shabazz*, including appeal to the state appellate courts if he doesn't prevail. *Al– Shabazz*, 527 S.E.2d at 752–57 (discussing the application of the APA and the review process); 203(b)(6), SCACR; *see also* S.C.Code Ann. § 1–23–610(A)(1). The petition does not allege that Petitioner pursued a decision by the state court at any level concerning his claim that good conduct time is being withheld by prison officials in SCDC. Consequently, the habeas petition in this case should be dismissed for failure to exhaust state court remedies. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) ("A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process.") (internal quotation omitted).

**RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the petition for writ of habeas corpus without prejudice and without requiring Respondent to file a return.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent).

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 22, 2013
Florence, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).